Judge officer well, so don't do it anyway Okay, we'll hear counsel in Roundtree versus Balicki How's the weather in California Ruby It's been very the last couple of weeks has been fine it's On Thursday, I played golf Okay, I'm sorry, mr. Gillette I just took us out of our no problem professional Reason for having you understood. Good afternoon. Your honor. May it please the court? I'm Joshua Gillette of the Gibbons firm for Marshall roundtree Petitioner below and appellant here and I would like to reserve two minutes for a bottle Please are you do is your firm doing this pro bono? We've been appointed CJA. Okay. Thank you Mr. Roundtree is entitled to habeas relief because of three things in this case, which are undisputed First have you asked for has he asked for a time? Three things in this case, which are undisputed are habeas relief first The state court has already found that mr. Roundtree received deficient performance by both of his counsel Meaning that under Strickland they made errors so serious that they were not functioning as the council guaranteed to him by the Sixth Amendment Second any amount of actual jail time resulting from deficient performance constitutes a strict on prejudice That was clearly established by the United States Supreme Court's unanimous decision in 2001 in Glover Which was not even cited by the state court or the district court or the state in this? court and it's brief and Third mr. Roundtree was sentenced to 60 years which included a 50-year Graves Act extended term This happened even though a year before he received that sentence in 1996 The state had offered him and he had accepted and entered Please Concurrent, please which the state and which the state agreed for him to serve only 10 years total So the print but that was subject to the court's approval. It was something to the court's approval your honor. Yes But the prejudice here Could not be more clear or more severe the state Contends that mr. Brown she was not deprived of anything tangible But he was deprived of the state's state and willingness to avoid an extended term and serve There are there are different ways to sort of slice this but under any realistic scenario He would have could not have done worse than 60 years and he would have done better than 60 years with But for the deficient performance that's already been established as a matter of state law in this case. How can we be sure? your honor There's no there's no way to be sure about what would have happened in any prejudice analysis It necessarily involves some sort of counterfactual because you're saying what would have happened had he received effective performance the Supreme Court and Sears against Upton stated that some measure of speculation is always necessary to measure prejudice, but and As your honors are well aware the standard we need to the burden in the community to show a reasonable probability That the outcome would have been any different by months And this court is in federal cases There are two claims of ineffectiveness One is the failure to try to consolidate Camden and Essex and the other is the incorrect advice given by the attorney and by the court that he Wouldn't he wouldn't he wouldn't get credit for the time that he had served, right? Yes. Yeah. Okay now Which ineffectiveness are you? Discussing or let us know as you're talking. Sure. I can if I can explain This is judge Oliver said what counsel was ineffective? You had a district you had the defense The public defender in Essex County and the public defender in Camden County Which was ineffective? Yes, your honor The state court found that each was ineffective we because of the edpa bar are not appealing the Essex Ineffective assistance claim However, they're so inextricably intertwined that they both were but for purposes of this proceeding Camden Council was ineffective for failing to Pursue and coordinate with Essex Council the court the consolidation which they each discussed on the record whose fault was that in other words? Well, yeah who who was responsible for Not Picking up one I think it was Camden Council who first suggested in the phone conversation with Essex Council that they might Consolidate right? Yes, and at mr. Rountree's initial plea they discussed on the record sending it up to Essex again, because this is a little bit procedurally sort of winnowed because of the The habeas bar. Yeah Yes, in fact your honor, I mean each had an independent duty to pursue consolidation under state against Pillow it the In your brief, who did you accuse of being Not the prejudice Camden Council Pardon the Camden Council. Mr. Malloy Okay, it seems to me that in your brief you you were talking about the Camden Council all the time. Now you're saying both Yes, what did you what was your position in your brief in the brief again because of the one-year sexual limitations we Mr. Rountree didn't file a timely petition So we haven't discussed the ineffective systems which he did in fact receive from Essex in which the state court found he received from both of his counsel explicitly the state court appellate the Appellate Division's opinion says that each of his counsel had an obligation to file to pursue consolidation, excuse me before I was Before my question was answered I Judge all the sir Asked his question, but I don't now remember. What was the question? I asked the two claims No, who was respond. Yeah, I think who I mean wasn't that the US Attorney or was it just the the two defense counsel The well the under the state against Pillow it which was decided four years before. Mr Rountree was arrested the rule was amended to say that the defense Council could request consolidation and that should be made early in the process to facilitate consolidated plea negotiations, so that was the established norm of Performance for it for New Jersey Defense Council. He asked for consolidation, right? He never formally moved for it. They discussed moving forward and didn't and this again Respectfully this has been established as a matter of state law to which this court should defer under Estelle because it's this is not to Be really get it in habeas, which is the clear holding of Estelle and this courts holding in Lambert I had but changed that so that this court defers to state court Legal conclusions and the state court concluded as a matter of law that is caught counselor deficient and oh clearly they were It's just a prejudice case it's not a cause case we're in the prejudice. We're at the prejudice of which Ineffectiveness caused the prejudice I think I started out with that question, right and if I could explain how those two intersect We're making it 2254 d1 claim and a d2 claim the d1 claim Is that the state court made an unreasonable application of and acted contrary to Strickland and Glover? When it didn't even ask the question could he have done better than 60 years and instead of took a shortcut That's not permitted by Glover and under which it concluded. He was offered this 20-year plea. He didn't take it He couldn't have done any better had he had effective counsel. He was offered a 20-year He wasn't from which court because we were dealing with two courts sure Let me slow down and run through the procedure a bit. Yeah, he's offered a nine-year plea in Camden He takes it. It's a Graves Act He goes to Essex. He goes trial loses get sentenced That is offered a ten-year with a five-year Pro on eligibility step I must tell you I don't know about you, but I thought the offer was the strangest I've ever seen that you can have will give you one of the following you can either have it with a Graves Act or You can have a longer period you agree to a longer period in jail without Graves Act Consequences is that usual in New Jersey? I can't say for sure your honor but it's a very important fact in this in this case because that that is what he was offered initially in Camden before he was offered the Graves Act obligation, then I Frankly don't know how common it is But that is the clearest evidence that in this case He could have worked out a single Graves Act and avoided the extended. Well, how do we know that again? I mean, I'm I'm confused as to why Even had there been consolidation Why would there not have been two or could there not have been two Graves Act offenses? Well, there there again. There are a number of ways to get there It's certainly and as an antecedent point and this is the way these intersect the first the first Claim we have is that Even if there had been two Graves Acts, he still would have done better than six to sixty years. Well, but that wasn't my question You just said He would have only been on the hook for one Graves Act and I'm challenging that because I don't understand why that's necessarily so Yes, sir There's a reasonable probability that had these been consolidated early on in the process when Camden was offering him 12 years flat with no Graves Act application a Consolidated counsel taking into account the seriousness of the Essex charges would have You You're on our time so don't worry about thank you because we've asked you a lot of questions. Thank you Would have negotiated a global plea under which he would have Taken that 12-year flat sentence in Camden and and No matter how badly he did in Essex Even if he got the statutory max of 20 years that 12 flat because there would have been no Prior Graves Act conviction. All right. So if I understand your point, you're saying that competent counsel in a Consolidated proceeding would have made sure that his client pleaded to only one Graves Act offense and not another Exactly. You're on a yes. All right, but how and then but then we get into this tricky situation Perhaps that the client doesn't take the plea on the second charge. He goes to trial. So What you where does that leave us three things to say right first on the prior point Just a minute. I just want to pick up with judge Hardiman. I think that you have to in Responding to his question. I would like you to show that there would be a reasonable probability that he would have Accepted a better offer than what he received A Better offer or well the 20-year offer your honor Yeah, okay Absolutely, there's there's the all and this is the this is the second and effective assistance claim The only record evidence is that he was willing to plead to the Camden charge from the beginning the best evidence of which is that He pled to it in 1994. He was not maintaining his innocence as a panel this court recently held in the Wheeler case You know The standard is whether this defendant not just a reasonable defendant would have taken the plea and the evidence is he certified that he would Have on PCR. He said that he would have had he known about this this credit issue The the time he faced after trial was enormous there was no other reason for him to go to trial and He you know again this gets into this this why the state courts the They didn't even quote the transcript passes where he said I want to take the plea Except they I'm they've told me this information about credit time, which is which turned out to be wrong So all of the record evidence was that he would have taken that plea or even potentially a worse plea And again, the question under Glovers would have been better than 60. Could he possibly have done better than 60? I Have problems with your argument given the real history here that here is a Defendant who was not taking his counsel's advice First he chose a in Camden a nine-year Graves Act conviction over a 12-year non-graze and That was for the first aspect and the second aspect that he was his His attorney Recommended that he take a 20-year Graves Act sentence now This man is not taking counsel and the question is what difference that doesn't take Client as counsel's advice What difference would have been would there have been? Had the case has been consolidated If he doesn't take his counsel's advice your honor going back to my initial point the worst if it had been if it had been consolidated and He had even if he had received two Graves Act pleas and entered them on the same day under state law which again the state court has found he would not have been previously convicted and the 30 years that was added to a sentence under the Graves Act would not have been authorized So that's one way in which consolidation would have made a difference regardless of whether mr. Ramji took his counsel's advice But secondly, there's more than a reasonable probability that he was looking he was not looking to go to trial in Camden He was looking for a favorable plea and he actually received one in Camden And again, he took the nine with the three instead of the twelve Because it wasn't such a favorable plea in light of his decision to roll the dice in the second case and go to trial it turned out to be disastrous And if if I can follow up, you know, I share judge Aldous sir, it's concern I mean This isn't a case where he He took another plea, you know, he went to trial and now he's asking us to undo There's no claim that this was an unfair trial or that the sentence was inappropriate in light of the conviction. It's He wants us to turn back the clock as if he did not decide to go to trial Isn't that what he's asking us to do? Well, you're again He was offered the 20-year plea before he went to trial in Camden and that's the subject of our claim that he would have taken that except for an effective assistance because he wasn't informed of The sole material term of the plea which is how long you would have to serve Why was it unreasonable for the state court to conclude? That roundtree Rejected the 20-year offer for reasons other than the misinformation regarding time served given that Roundtree confirmed that he had no interest in the plea Your honor that was unreasonable for a number of reasons. I listed nine of them in my brief Well, why don't you tell us the main ones? Certainly. I mean we've read the briefs obviously sure the I Is that the state courts decision and this was was based on Not looking at the actual transcript where he said I want to take the deal But they're telling me that my time won't count the state court the television block quoted a section of the state's brief in which the state Presented the transcript as if the offer was presented. Mr. Roundtree said a swear word take me out of here and that was the entire discussion and I Actually in the appellate division, there were two briefs. I pointed that out in one brief They've repeated that misrepresentation frankly in the other brief and then the state court simply block quotes that that's under Miller L Simply unreasonable because the state court had before it evidence, which it ignored That's the that's you know Then the district court in this case did look at the actual transcript and said that well if the state court none of these words But the state court if it had looked at it would have been right For the wrong reason or would have been right even if it hadn't even if it had look at the transcript but and that's where in our brief we discuss why that's just an unreasonable interpretation of that transcript because It's very clear that mr. Roundtree saying He's expressing his willingness to take this deal and there are no other reasons he expresses on the record the the state court, you know has to adjudicate this claim based on the evidence before it under d2 and It didn't as far as we can tell from the face of its opinion. Look at the relevant transcript That's per se unreasonable. And again, even if it had there's simply no Fair way to read this transcript in which you say there's no way he would have taken it Mr. Gillette, what about remedy here if if we agree with your position Should we not hold the case pending the Supreme Court's decision in Frye? Do you see that case is as relevant here if you prevail on the merits? Is that the in which they grant insert on the there are V Hoffman issue your honor about whether fair trial yes No, your honor. I don't believe so and you mentioned. I mean, mr. Brownfield did raise several Claims about his Camden trial some of which are the court here granted certification on but in any event this There's I don't believe that that the trial in this case secure the prejudice at all and for that matter, you know Frye's not been decided yet, and we can't say how it will come out You don't see it having any potential relevance here as to what the remedy should be. I Hadn't thought that issue through your honor, but I mean obviously if Okay, if there's no potential I just I didn't know if you might have already if you haven't thought about it then Which is fine. I thought I'd check and see if you had What should we do with the fact? That judge I think it's Steinberg. I think the names of the judges get confused sometimes at least the Camden Judges, but in any event, I think it was judge Steinberg who was the very judge who suggested consolidation but then rejected the non graves Camden plea as illegal or too lenient How does how should that? factor into our decision Point out that that's actually factually inaccurate. There are judge. Telsey is the one who takes this plea in 1994 Okay. Well, that's a wrong name. But good. What in the significance of that is that Kelsey who suggested consolidation? Yes and was willing to go along with it and that that is what proves the prejudice because the fact that he then loses that benefit Had they actually followed through on what judge Chelsea was suggesting then? There wouldn't have been occasion for judge Steinberg to then reject the plea And put into the choice of life in prison or trial at that point the prejudices by 1990 95 when the judge Steinberg rejects the plea the prejudice is complete because At that point he lost initially. They could have consolidated this case before the Essex charge was even indicted They were discussing pleas in March of 94 before the April 94 Essex indictment when plea offers are more favorable They might have worked something out then. Yeah, I Listed in my brief ten different ways They could have worked something out and none of them would have been a deal that resulted in 60 years And again, I still haven't heard why Glover doesn't apply in this case, Your Honor respectfully that that's it's binding United States Supreme Court and it was Law that the state court was obliged to follow and it's not merely it's fairly decided. It's under Miller case its reasoning and results are directly contradicted to Glover. Thank you very much Rudy did you have any more questions? I have none. Thank you. Okay. Thanks here for from counsel for the state How do you pronounce your last name? Shashua, okay. Thank you. I'll answer to anything. Um, may it please the court. I guess if it comes from here May it please the court Linda Shashua for the appellees I'm gauging where the court is in the argument and it seems that they want me to focus on prejudice Of course, we dispute of course. I mean, I think everybody concedes that there was ineffectiveness In our brief and certainly we'd be willing to engage the court This is that New Jersey never concedes everything but go ahead. Well, we'll move to prejudice for the sake of the courts focus Have you ever heard of this is this New Jersey? Prosecutors do they say we're going to give you a shot. You can either take a nine-year sentence Graves implications or a 12-year sentence with no grave since when correct the defendant have the right to decide The consequences of the plea defendant has to take the plea or not take the plea Well, the defendant should be advised by his counsel as he was here But my my feeling is this this is something that occurs particularly where? The proof was strong in this case, but we didn't have the gun So it's possible that there was some room for maneuvering especially because we had the Camden prosecutor Who spoke with the Essex prosecutor before this offer was was offered was made So the Camden prosecutor knew what was what the defendant was facing in Essex and that's another reason they may have offered him two different options Does that happen a lot in my experience that it's not unheard of to have alternative pleas that offer offered Particularly with the circumstances the defendant was facing and the proofs All right. Let's assume for a minute that the cases were consolidated right and they both went to trial Please explain for us How that would play out and assume he was found guilty of both What does that mean for sentencing purposes? If they both went to trial and he was convicted in the same trial of both Offenses, is that what you're saying? Yes for sentencing purposes According to the state court assumption in this case He could have avoided the double graves act if they sentenced at the same time But that's an assumption that the state court was making it was not necessarily what the law was at the time We know that the S was the law. In fact the the court in this it's unclear and The Essex County PCR judge who likely would have tried this case He said he thought it was untenable. That was unthinkable and To use consolidation to avoid the mandatory extended Graves Act term, let's assume they were both Graves Act cases Let's play that out. What is what would his sentence have been? and well his sentence He would have been exposed to you know, at least When he got he would have losed the concurrence, you know, he would have had more because he would have lost the concurrence Well, why probably would have had the maximum on first degrees to first degrees. That's 40 20 That's the possibility. That would be his exposure Well in a consolidated trial. All right. I'm confused as to why that's the case. I must I must be misinterpreting New Jersey law So I need you to help me with that as I understand the New Jersey Criminal Code first degree crimes Come with a 10 to 20 year sentence second degree 5 to 10 and third degree 3 to 5 correct So by my calculation if roundtree were found guilty on all the counts It looks like his sentencing range would have been 36 to 70 years It could have been as high as 70 it and as low as 36 It could have been well I mean remember he has five charges in Essex and two in Camden the hindering Frankly could have been consecutive on its own because that's a separate Violation. I mean he could have lost the consecutive benefit of all of these counts, but I'd have to do the math with respect The could haves aren't aren't helping me weed through this My calculations indicate that if he was convicted of everything at trial in a consolidated case He would have been looking at 36 to 70 years with a presumptive sentence of 52 years And if his presumptive sentence under New Jersey law was 52 years Then it would seem to necessarily follow that there's a fair probability That he would have ended up in a better place than he did with the 60-year sentence Where am I wrong on that? Okay a couple of places I would disagree with first of all, he did get the maximum after his sentence in Essex after a jury trial There's no reason to believe that wouldn't also have happened after a jury trial where it was consolidated Second of all nobody on this record actually contemplated that this really would have been consolidated for trial Even that the Camden PCR judges they all said we can't imagine. It's not a mix They were talking about consolidating for the purposes of And as the rule tells us These these are not a mix. These are different cards. They would not have been tried You never would have been trying to get but they consolidated for plea only if the council has been effective The council would have made sure that one County one one appearance in court and Roundtree pleads guilty to whatever charges they work out in one appearance before one judge in one County, right? And I think there's a there's a pretty good, you know, this is like a bad science experiment There are a lot of variables and no controls and I was trying to think of a bad one It's from Oh sign. I was just thinking of it in terms of that There are a lot of variables and very and no controls. My husband was a scientist. He didn't think But I was trying to think of something on the existing record that would help us with this and it might fall with what Hardiman is talking about There's one moment on this record where we know what the defendant could have gotten if consolidation had happened So after the Essex trial, he's convicted He's heading to sentencing and the Camden County Council reaches out to Essex public defender and says we're prepared to consolidate ask your prosecutor if they're willing and we'll come up for sentencing and and They never get a response or it's not documented But obviously the Essex prosecutor had no interest in consolidating after they had a win at a jury trial But under the state court assumptions, we've got that the motion should have been made it would have been granted They would have avoided the I don't know would have been granted. I mean, I don't agree with that This is what the state court assumed so I'm trying to think take out some of the variables and even if the if you go with all of these favorable assumptions and The defendant still would have faced a 20 do 10 under a plea negotiation scenario Again taking out all of the variables. He still would have had a 20 do 10 at best and he rejected a 20 do 7 So there's nothing objectively unreasonable in looking at the plea that he did reject which was even More favorable than the only consolidation scenario. They say he rejected it Because his counsel and the court were misinformed as to the effect of That of Having served three years already. Do you agree with that? No, I don't and I and the record is pretty clear with this first of all It was I mean, what is the law first of all, what is the law on gap time? On the credit that one is called gap time this time served He's he was in jail for three years There are two categories of jail credits in New Jersey. One is jail credit. One is gap time I think the category at issue here is gap time gap G a P G a P It's the gap between having been arrested on one offense and awaiting disposition on the other. Yeah This is the doctrine of law in New Jersey. That's been called a judicial nightmare They quote it on The riddle wrapped in a mystery inside an enigma. This is that entire body of law, but in any case I don't agree that that the Defendant this was his reason for rejecting the plea for the for the first reason is that that's what he said though We can't believe According to you know You don't have to credit his assertions given all of the laws the lies that he's told on this record His name his date of birth his address He claimed that he lied under the 923 plea when he entered that plea He claimed later when he was being sentenced after the Camden trial That he never used a gun and that he admitted that he said he lied to get that plea His his assertions are worthless and in the court's views At more so than their assertions, but it did appear to me. Anyway, the state court did Misrepresent that record. I mean the sequence of what happened there when he threw the expletive out, right? He was told erroneously. He was not getting credit and then six years later. They gave him credit It would have been nice if they had given him that information Earlier I think it's unclear whether it was entirely misrepresented and and whether he The jail credit I think was correct that he would not have gotten he got the jail credit on the Essex but not the Camden Then why did they give it to him six years later? They gave him some of it. Some of it was actually already given to him after his trial I mean he actually did get some of that in an amended judgment of conviction right after his trial But to answer the question if I can go back to the question How do we know that that he was not relying on this? This offer was first extended to him back when the before he pled in Essex The the date is 426.95 He was first told that this would be a 20 do 7 offer and that judge Steinberg would bend over backwards to give him all The credits he possibly could give him He rejected it from that point all the way until the day of trial and it wasn't until the day of trial that he was Learning about these credits. It simply isn't borne out by the record and that's the defendants burden Particularly where the state court made a factual finding on this and it's entitled to deference at this stage May I go back to a question asked by Judge Hardiman earlier, and I'm wasn't quite certain That I understood your answer the question if You are going to be tried in a one proceeding a consolidated proceeding with two graves act counts Oh if you are found guilty of both is the a second Finding of guilty considered a repeat offense The state court actually didn't decide that it still has not been decided under New Jersey law, so it certainly couldn't have been Unreasonable to not anticipate that it still hasn't been decided what the state court did in this case is they assumed it Just for the purpose of reaching that the prejudice prong taking the word language of the statute though It certainly seems that if you have a second graves act conviction, you're going to have the higher Sentence, isn't that right? Yes, you would think it would and and there was the only person that it says There is a precedent of state versus Hawks that was out at the time That said we don't care about the chronology of the convictions either So it's absolutely reasonable to say that this and and the Essex PCR judge frankly said they thought it would be untenable to avoid it just through consolidation and That would have been the judge that would have tried the case. He's the same judge that took the plea that did the initial trial Does he even name judge Kirby? He's named in the in the materials, yeah Now it's not now it's our enigma wrapped in a quandary inside But I think the bottom line is that Well, I'm interested now in the cause issue I mean, I would love to talk about the cause issue and the deficiency and the and the reason is You know, but I mean it seems common just let me preface my interest by saying it seems common sense Based on my experience that if you can put everything in one roof criminally You're better off than having it spread out with different judges And if you get taken care of all at one time that that almost always redounds to the benefit of the accused so But under there even the jointer Principles the rules in New Jersey and this consolidation it this would not have happened it and nobody Contemplated putting them in the same trial. No, no for for plea for plea purposes. Okay Even what why was it? Why was it not? ineffective for Defense counsel not to consolidate this and get a plea done in one county in front of one judge on one day Because the rule the rule doesn't tell us what's the order the rule tells you try to negotiate something get a motion for to consolidate and You know if everybody agrees great If not, it goes back to the individual counties what the attorneys did in this case is they started from day one This was all the way back right after indictments and they were absolutely talking with each other about consolidation They were trying to get that global plea resolution Talking to both prosecutors talking to both counsel talking to the Camden judge all the parties were in play. This was ongoing de facto consolidated negotiations and the idea you can tell because After the Essex trial you can tell that they were just hoping to get the agreement once they got the agreement they would file It's expeditious What's the harm they said in? Negotiating these agreements and then filing for the most the consolidation motion if they get it Or starting that with the piece of paper and doing what they were already doing. I see so you so your argument is that the Consolidation never happened because the condition preceding thereto Namely the striking of a deal never occurred exactly and wasn't necessary Are you cut both ways are you arguing that counsel was not ineffective? I am your honor and I do in the brief and and I think I was invited to engage on that Yeah, no, of course. Yeah, of course I am because because all right, but tell us where the state court Heard in that regard because the state court did rule against you on the cause prong of Strickland They did and I and I really can't understand how we even violated the rule They set up the rule they set up is that counsel should contemplate a Consolidation at an early stage if appropriate. Well in this case they did they certainly contemplated it They were working with these ongoing plea negotiations. All the parties were involved. That's documented Prosecutors and defense attorneys and even after the Essex trial you have the memo from the Camden public defender saying Just find out from your Essex prosecutor if they're on board and I'll file the motion Everybody else is on board with consolidating for sentencing. He was ready to file There's not it's not even a lost opportunity that this defendant missed out on Because everything that was happening actually was happening would have happened but for filing for the motion to consolidate All that does is let you start negotiating It doesn't get you anything else Again, the rule tells us the plain language that if the agreement is not reached it reverts back to the individual counties and you start again separately Yes, I I just wanted to understand by a Consolidation there was never an indication that the trials were going to be consolidated For a guilt face Because there were so factually different these were the farthest ends of the state these were completely separate counties Victims coming from different parts. It's just not done. That's not usually how you would use the consolidation motion That would have been denied. I don't think anyone's contesting that so the consolidation the consolidation the refusal to Consolidate which was the basis for the finding a deprivation of counsel the the first prong of Strickland was based only on Consolidating for plea Negotiation purposes only That way you're telling us it is and the state court says for the purposes of attempting to negotiate a plea agreement That was de facto going on since right now, right? Okay. All right now Here here here as I look at this case reduced to its essence Now I'm on the second prong of Strickland that the defendant has to show Prejudice prejudice a prejudice existed that if The cases had been consolidated for a plea He would have received a better offer in the Camden prosecution than the 20-year offer he rejected and Secondly that he would have accepted it The state court seemed to express Doubt about for the first one, but he was certain that He would not have accepted it. Correct now Isn't that the heart of this case? Yes that we don't know. Is that what you're saying? We don't know that We don't know what I'm talking about the the issue before us now is Whether is whether He would have had a better break if the cases had been formally consolidated for plea negotiations Correct your honor and I'm suggesting that if that's the case He has to prove that if there was a formal Consolidation for plea purposes. He would have had a better offer in the Camden Prosecution than the 20-year offer he Rejected and that he would have accepted it exactly your honor I apologize if I wasn't clear that is absolutely his affirmative burden under that rigorous strickland standard He had to show what the offer was and we don't know that on this record Not because we it's not possible to know but it wasn't proved well, the point is The plaintiff the defendant here has the burden of proving that correct affirmatively And he failed in that burden, thank you, I think we'll hear the rebuttal now Thank you counsel counsel. Sometimes when the court is asking you a question The court is throwing you a softball I appreciate that. Thank you Your honor fight if I could take us a swing at that softball Respectfully, that's not mr. Roundtree's burden in this case under clearly established United States Supreme Court law Glover, he does not have to show he would have received and accepted an offer of 20 years or better But he has the burden though. He absolutely has the burden to show prejudice to show prejudice Yeah that he would have done better than 60 years not 20 20 is not the benchmark in this case under Glover and Again, the state has failed even to address why that's not so not even much less rebutted Under Glover as much as little as six months to actual jail time counts as prejudice So if he would have gotten 30 years 40 years 50 years He was still prejudiced in this case and that Again, other state courts have cited Glover and found prejudice. No, New Jersey court has ever cited Glover. And well, I thought I thought That was a winning argument for you. But but your able adversary answered my question pretty Persuasively, I think so. Tell me tell me why she's wrong when I thought Excuse me. The state court should have gone through the analysis that I went through with Ms. Shisho about The presumptive 52-year sentence and 52 is less than 60 So wouldn't that have been better for your client? But but as she points out these two cases could not have been tried together in front of one judge in one County Do you agree with that? Well, I I don't not I'd not I don't think it's dispositive here I don't know for certain whether they would have been but I don't Try to rob a robbery with a murder. All right, so he's so he's got two trials That's if they went to trial again Well, all right, then do you want to focus just on the guilty plea and forego the trial issue or you know? I mean, yeah, what's your better argument? This is such a case has so many moving pieces. It's for me Anyway, a real challenge. I Agree, your honor at the end of the at the end of the day that's why I mean the Glover argument resolves it, but the the state court held that The very potential for an extended term would have been a reason to grant consolidation That potential would have may have warranted or even required consolidation Solidation of what we have to be very right had it been formerly consolidation for purposes of a plea negotiation now the state argues I'm negotiating a global plea. All right, but Again, as counsel pointed out the consolidation can happen immediately following the striking of a deal How do you answer judge Aldous Sirt's question about How where does roundtree show that he would have received a better offer than the 20-year offer He received in the Camden prosecution and and that he would have accepted it. Yes, sir this the state argues that He had he had to get the plea deal in place and then move for consolidation that gets it precisely Backwards the purpose of the consolidation rule as the state said was for purposes of facilitated facilitating negotiation So here's how it could have happened Right from the start. He moves for formal consolidation His single counsel in both counties then is able to negotiate intelligently and knows Essex is far more serious So I better get a non graves in Camden I better lock that in and then he would have taken the non graves that they were willing to go off from now Keep in mind the Camden count the Camden crime was not a graves act whether it was a graves act was negotiable as the state Conceded they had weak evidence of a real gun so that was on the table and so had they had a single counsel addressing both crimes and Advising. Mr. Roundtree looked if you get two graves you face life So if you get it on graves in Camden Lock it in and then however badly you do in Essex you could get 20 years, but then your max is 32 That's a global plea that's better than he wound up getting and that could have happened if they move formally move now the fact the fact Consolidated agreements negotiations were not occurring here. There is evidence in the record of some back-and-forth That's the precise grab grabment of the state court's holding. They didn't do it. They talked about doing it, but they didn't do it and For that reason that there's you know again at a minimum had they done it there and as the Judge told me he pointed out that the language of the statute would have precluded an extended term if they'd whatever they'd worked out Even if they'd even if the state which it wasn't had insisted that he pleaded to Graves Act crimes They could have worked out a deal at the low end of the extended term and made it concurrent so that he would have gotten 20 or 30 or 40, but you have to show us that counsel was ineffective in not Pushing better for Consolidation, but we don't know there's nothing on the record that shows that Essex would have accepted Consolidation do you mean the judge or the prosecutor your honor well both really the the the Essex there's evidence in the record that Essex Was okay with the 12 flat in Camden. There's a letter. That's discussed at our reply brief Yes, it's prosecutor. I'm sorry and and and again respectfully our position is that the cause element court the cause prong is established in this case by the state courts state law ruling to which The district court in this court must defer under Estelle that it would have been granted and as again that In its discussion of the Pillot case the very purpose of Pillot was in that case as well By obtaining a consolidated plea the defendant avoid an extended term and the state court said this is pretty similar and therefore It would have been a good reason to grant it. I think we understand The question that judge Hardiman asked you Which I had asked as well Was answered by you Indicating to us what of What a good lawyer would have done all those things but the question is This the record shows that round tree Ignored his lawyers advice at almost every stage of the plea agreements here and And you haven't responded to that issue You've talked about what good lawyers have said. This is just my observation on the response to judge Hardiman's Question you just completed That's all I have to say May have responded on it. Yes, of course. Sure Well, your honor there is actually evidence in the record that mr. Roundtree asked his counsel to consolidate He wasn't disregarding that that advice and Mr. Roundtree was frankly a 19 year old with no high school. I'd not even a high school graduate it was it was his counsel's responsibility to secure for him a plea that would was available for him and Again he was the decisions that he made were not fully informed by effective counsel, which he he You know again with with no prior indictable offenses should not be blamed for Okay Thank you, we'll take this matter was very well argued we'll take this matter under advisement and we'll go to the second